UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAKSH VASIST,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.

Respondents.

No.  1:26-cv-04285-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING MOTION FOR THE APPOINTMENT OF COUNSEL AS MOOT

(Doc. Nos. 1, 2)

On June 4, 2026, petitioner Daksh Vasist, proceeding *pro se*, filed a combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE") and a motion for temporary restraining order seeking his immediate release from custody.  (Doc. No. 1.)  On that same day, petitioner filed a motion to appoint counsel.  (Doc. No. 2.)  On June 9, 2026, the court set a briefing schedule on the pending motions and directed respondents to indicate in their opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders.  (Doc. No. 7.)  In that same order, the court directed that if respondents opposed the court ruling on the underlying combined petition based on the current briefing before it, respondents were to indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

/////

1

On June 11, 2026, respondents filed a combined opposition to the motion for temporary restraining order and petition for writ of habeas corpus.  (Doc. No. 8.)  In that opposition, respondents argue that petitioner is an "applicant for admission," who is lawfully detained pursuant to 8 U.S.C. § 1225(b) after he was arrested for sexual battery and indecent exposure.  (Doc. No. 8 at 1.)  Respondents further state that on June 10, 2026, petitioner received a bond hearing before an immigration judge ("IJ").  (*Id.* at 1.)  At that bond hearing, the IJ concluded that the immigration court lacked jurisdiction to consider or grant bond because petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).  (*Id.* at 1; Doc. No. 8-3 at 1.)  Alternatively, the IJ held that even if the court had jurisdiction to consider the merits of release on bond, petitioner would be denied bond because:  (1) he failed to establish that he was not a danger; and (2) he posed a significant flight risk. (Doc. No. 8-3 at 1–2.)  Finally, respondents raise no objection to this court ruling on the habeas corpus petition based on the briefing currently before the court (Doc. No. 8 at n.1), and the court will do so.

Based upon the parties' briefing and evidence offered in support thereof, the court finds the following facts.  Petitioner entered the United States on or about December 5, 2024.  (Doc. No. 1 at 2.)  He subsequently moved to Sacramento, California.  (*Id.*)  On October 29, 2025, petitioner was arrested for indecent exposure and sexual battery.  (Doc. No. 8-1 at 2.)  However, on February 27, 2026, the Sacramento County District Attorney's Office issued a letter indicating that it "has declined to file charges at this time."  (*Id.* at 2, 14.)  On November 4, 2025, petitioner was arrested by ICE officials in a residential neighborhood in Sacramento, California.  (Doc. No. 8-1 at 2.)  He has remained in ICE custody since his arrest.  (Doc. No. 1 at 2.)

Pursuant to the reasoning set forth in its prior order *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026), the court concludes that petitioner cannot be detained pursuant to 8 U.S.C. § 1225(b).  As to respondents' second argument that petitioner received all of the process to which he was due because he had a bond hearing on June 10, 2026, the court finds that this argument likewise lacks merit.  Petitioner did not receive a bond hearing until seven months after immigration authorities detained him, and this court has previously concluded that providing an

2

immigration detainee with a post-deprivation bond hearing months after detaining them does not satisfy the requirements of due process. *See e.g.*, *Anderson v. Ch[est]nut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990, at *3 (E.D. Cal. Mar. 24, 2026) (collecting cases and concluding that a post-deprivation bond hearing given to a petitioner two months after detention and after petitioner filed a federal habeas petition did not satisfy due process); *see also Lopez Lopez v. Warden*, No. 2:26-cv-03556-DAD-CKD, 2026 WL 1346694, at *3 (E.D. Cal. May 14, 2026) (incorporating the reasoning of *Quichimbo-Jimenez* and applying it to immigration detainees who entered the United States without inspection, were not apprehended upon arrival, and are not otherwise subject to mandatory detention).

Accordingly, the court concludes that petitioner's continued detention violates due process.

For the reasons stated above,

1.    Petitioner's petition for writ of habeas corpus and motion for a temporary restraining order (Doc. No. 1) is GRANTED in part:

    a.    The petition for writ of habeas corpus is GRANTED as follows:

        i.    Respondents are ORDERED to immediately release petitioner, Daksh Vasist, A-File No. 235-357-494, from respondents' custody;

        ii.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge at which hearing the burden will be set in accordance 8 U.S.C. § 1226(a), and its implementing regulations;

    b.    Petitioner's motion for temporary restraining order is DENIED as having been rendered moot by this order granting his petition for writ of habeas corpus on the merits;

2.    Petitioner's motion to appoint counsel (Doc. No. 2) is DENIED as having been rendered moot by this order granting his petition for writ of habeas corpus;

/////

3

3.    The Clerk of the Court is directed to serve the California City Detention Facility with a copy of this order; and

4.    The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 18, 2026**                              _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE